UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TAMMY POESSY,
an individual,
       Plaintiff,

vs.

UNITED OF OMAHA LIFE
INSURANCE COMPANY/
MUTUAL OF OMAHA
a corporation,

       Defendant.
_____/

## COMPLAINT

The Plaintiff, Tammy Poessy, ("Plaintiff" and/or ", MS. POESSY") by and through her undersigned attorneys, sues the Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY/MUTUAL OF OMAHA, ("Defendant" and/or "MUTUAL OF OMAHA"), and alleges as follows:

### Jurisdiction, Venue & Parties

1. This is a civil action arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA").

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and specifically 29 U.S.C. §1132(e).

3. Venue is proper pursuant to 28 U.S.C. §1391 and specifically 29 U.S.C. §1132(e)(2), because an action may be brought in the district where the plan is administered,

where the breach took place, or where the defendant resides or may be found. Both the breach occurred and Defendant may be found in this judicial district.

4. At all times material hereto, MS. POESSY has been a resident and citizen of the State of Florida, specifically, Broward County, Florida.

5. At all times material hereto, MS. POESSY was an employee of ETI Financial Corporation, who is the listed Plan Sponsor in the Summary of Short-Term Disability ("STD") and Long-Term Disability ("LTD") Benefits.[1]

6. At all times material hereto, ETI Financial Corporation has an office location and can be found in Broward County, Florida.

7. At all times material hereto, MUTUAL OF OMAHA, who is listed as the Plan Insurer in the SPD, has an office location, can be found, and is a resident of Omaha, Nebraska.

8. At all times material hereto, MS. POESSY was a participant, within the meaning of 29 U.S.C. §1002 (7), in the Plan insured by MUTUAL OF OHAMA, who does business in the State of Florida. A copy of what MUTUAL OF OMAHA purported to Plaintiff during the administrative process to be the SPD which allegedly describes the Plan is attached hereto as Exhibit A.[2]

9. At all times material hereto, MUTUAL OF OMAHA pays claims under the Plan from its own general assets, makes the final determination to pay or deny claims under the Plan,

---

[1] Exhibit A was produced by Mutual of Omaha to Plaintiff during the administrative claims process. Mutual of Omaha did not provide Plaintiff with a copy of the Plan. While Mutual of Omaha contends that Exhibit A is a true and correct copy of the Summary of STD and LTD Benefits ("Summary"), Plaintiff is unaware at this time of whether MUTUAL OF OMAHA's assertion is accurate and/or whether the Summary accurately describes the Plan or is consistent with the Plan terms.
[2] See *id*.

and is a for-profit corporation, and as such operates under an inherent financial conflict of interest in administering claims.

10.     Prior to filing this present action, MS. POESSY has fulfilled all conditions precedent, including the exhaustion of administrative remedies and/or the exhaustion of such administrative remedies is excused.

### General Allegations

11.     As a participant in the Plan, MS. POESSY is entitled to receive disability benefits under the Plan if she meets the definition(s) of disability.

12.     The UNITED OF OMAHA Summary provides that the Plan contains the following provisions relevant to a determination of disability:[3]

> **Disability and Disabled** mean that because of an Injury or Sickness, a significant change in Your mental or functional abilities has occurred, as a result of which:
>
> a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular job (on a part-time of full time bases); and
> b) after the Elimination Period, You are:
>    1. prevented from performing at least one of the Material Duties of Your Regular Job (on a part-time or fulltime basis); and
>    2. unable to generate Current Earnings which exceed 99% of Your Basic Weekly Earnings due to that same Injury or Sickness

13.     The SPD states that the Plan provides MS. POESSY with STD and LTD benefits if she becomes disabled under the terms of the plan.

---

[3] As indicated, MUTUAL OF OMAHA did not provide MS. POESSY with a copy of the Plan. The Summary sets forth the aforementioned Definition of Disability.

14. MS. POESSY'S pre-disability occupation was as a Vice President of Marketing and Sales.

15. On or about December 29, 2017, MS. PLOESSY became prevented from performing the material duties of her Regular Job because of injuries and illness, which includes chronic sporadic seizures and migraine headaches as a result of a stroke in May 2012, resulting in chronic body aches and pains, nausea, chronic fatigue and weakness, and severe cognitive impairments.

16. MS. POESSY filed a claim for short-term disability with MUTUAL OF OMAHA on March 14, 2018.

17. On June 6, 2018, despite an evaluation of Ms. POESSY's occupational duties and extensive medical records supporting her condition, MUTUAL OF OMAHA denied MS. POESSY's claim.

18. Accordingly, MS. POESSY appealed MUTUAL OF OMAHA's decision on January 15, 2019.

19. Thereafter, on April 25, 2019, MS. POESSY filed a claim for Long-Term Disability benefits under the Plan to which MUTUAL OF OMAHA was required to respond within 45 days from the date of application.

20. During this time, MUTUAL OF OMAHA upheld their short-term disability determination in a letter dated May 31, 2019.

21. On June 10, 2019, MUTUAL OF OMAHA sent a letter to MS. POESSY indicating that it was taking an extension of up to 30 days pursuant to the ERISA Claims Regulations. 29 CFR § 2560.503-1 (f) (3).

22. Accordingly, MUTUAL OF OMAHA had until July 10, 2019 to render a decision on MS. POESSY's Long-Term Disability claim.

23. MUTUAL OF OMAHA did not provide notice, "prior to the end of the first 30-day extension period" or any time thereafter, that "due to matters beyond the control of the plan, a decision [could] not be rendered within that extension period." 29 CFR § 2560.503-1 (f) (3).

24. Defendant did not render a decision or provide MS. POSSEY with a claim determination notice on or before July 10, 2019.

25. Accordingly, on July 15, 2019, Plaintiff's counsel contacted Defendant via telephone to inquire about the late decision and left a voicemail message for Eric Waddle, the MUTUAL OF OMAHA insurance adjuster assigned to Plaintiff's case.

26. On July 16, 2019, Plaintiff's counsel sent a letter to Eric Waddle and Trish Pellet via facsimile inquiring about the late LTD claim decision.

27. On July 17, 2019, Plaintiff's counsel spoke to a MUTUAL OF OMAHA representative with the first name of Chris and was informed that a decision notice had not yet been issued to Plaintiff or drafted by MUTUAL of OMAHA. Plaintiff was also informed that Mr. Waddle was out of town and a decision could not issued by MUTUAL OF OMAHA regarding Plaintiff's LTD claim until Mr. Waddle returned.

28. MUTUAL OF OMAHA was unable to provide Plaintiff's counsel with a date in which Defendant would render a claim determination as to Plaintiff's LTD claim or issue notice to Plaintiff of that claim determination.

29. Defendant failed to render a claim decision and provide Plaintiff with notice of said decision within the time frames required by the applicable ERISA regulation, and to date, has failed to render a decision and provide Plaintiff with notice of same.

30. 29 CFR § 2560.503-1 (l) (2) provides that "In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan, except as provided in paragraph (l)(2)(ii) of this section. Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary."

31. As Defendant has failed to strictly adhere to all requirements pertaining to the timely issuance of rendering a claim decision as to Plaintiff's LTD claim, Plaintiff's claim for LTD benefits has been deemed denied and Plaintiff has fulfilled all conditions precedent to the filling of this lawsuit.

32. MS. POESSY has been forced to retain the services of the undersigned attorneys in order to prosecute this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I

### Action to Recover Plan Benefits, Enforce Rights Under the Plan & Clarify Entitlement to Plan Benefits Pursuant to 29 U.S.C. §1132 (a)(1)(B)

33. Plaintiff, MS. POESSY, hereby incorporates by reference all of the allegations contained in paragraphs 1 through 32 of this Complaint, as if they were specifically recited herein.

34. Under the terms of the Plan, Defendant, MUTUAL OF OMAHA, agreed to provide MS. POESSY with Disability insurance benefits if she became disabled in accordance with the terms and conditions set forth within the Plan.

35. On or about December 29, 2017, MS. POESSY became disabled in accordance with the terms and conditions set forth in the Plan and continuously remained and remains Disabled under the terms of the Plan to date.

36. From March 14, 2018 to date, Defendant, MUTUAL OF OMAHA, has failed and refuses to pay MS. POESSY the Disability benefits set for in the Plan owed to her.

37. MS. POESSY has satisfied all conditions precedent under the Plan and is thus eligible to receive benefits for she has not waived or otherwise relinquished her entitlement to benefits.

38. Defendant, MUTUAL OF OMAHA's, termination and denial of Disability benefits to MS. POESSY was and is contrary to and in breach of the terms of the Plan, and was and is contrary to clear, compelling and substantial medical evidence, vocational evidence, and other evidence and information that supports MS. POESSY's Disability claim.

39. MUTUAL OF OMAHA's claim denial is wrong, unreasonable, and tainted by conflict as it is contrary to and in breach of the terms of the Plan, and is based on unfair claims handling including: an incomplete review of MS. POESSY's medical evidence, vocational evidence, and other evidence and information that supports her disability claim.

40. Accordingly, Plaintiff, MS. POESSY, is entitled to Disability benefits since March 14, 2018.

41. Each monthly benefit owed to Plaintiff, MS. POESSY, is a liquidated sum, and became liquidated on the date the payment was due and payable.

42. Accordingly, Plaintiff, MS. POESSY, is entitled to pre-judgment interest on each such payment.

43. Defendant's, MUTUAL OF OMAHA's, decisions to deny MS. POESSY's disability benefit claim, and not render a timely decision, was influenced by its financial conflict of interest that arises from MUTUAL OF OMAHA paying claims under the Plan from its own general assets while also making the final determination to pay or deny claims under the Plan and being a for-profit corporation, and Defendant, MUTUAL OF OMAHA, has failed to apply the provisions of the Plan consistently with respect to similarly situated Plan participants/claimants.

44. Furthermore, Defendant, MUTUAL OF OMAHA, has failed to afford MS. WELLIVER a full and fair review and subjected MS. POESSY to an unreasonable claims process according to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

45. As a direct result of Defendant's actions and inactions, MS. POESSY has incurred significant costs and attorney's fees.

46. Accordingly, Plaintiff, MS. POESSY, is entitled to recover reasonable costs and attorneys' fees incurred, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

WHERFORE, Plaintiff, MS. POESSY, prays that this Honorable Court grant her the following relief:

1) A declaratory judgment herein declaring:

   a. Plaintiff, MS. POESSY, is disabled pursuant to the language and within the meaning of the Plan issued and insured by Defendant, MUTUAL OF OMAHA;

    b. Defendant, MUTUAL OF OMAHA, is obligated to pay disability benefits to Plaintiff, MS. POESSY, pursuant to the Plan and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest thereon;

    c. Plaintiff, MS. POESSY, shall be entitled to recoup all interest, costs, attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

    d. Plaintiff, MS. POESSY, may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

2) An award to Plaintiff, MS. POESSY, for all benefits due her under the terms of the Plan, due and owing since the denial of Disability benefits by Defendant, AETNA, plus interest thereon;

3) An award to Plaintiff, MS. POESSY, of her reasonable costs and attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

4) Such other and further relief as this Court may deem just and proper.

Respectfully submitted this 18th day of July, 2019.

                                        DI LAW GROUP
                                        Attorneys for Plaintiff
                                        3201 W Commercial Blvd
                                        Suit 227
                                        Fort Lauderdale, Florida 33309
                                        Tel: (954) 497-9910
                                        Fax: (954) 989-9999

                                        /s/ Alicia Paulino-Grisham
                                        Alicia Paulino-Grisham
                                        Florida Bar No.: 0676926
                                        E-mail: alicia@dilawgroup.com